**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John William BLUE, Jr., Defendant-Appellant.**

**No. 28648**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Aug. 24, 1970.

Sanford C. Cox, Jr., El Paso, Tex. (court appointed), for defendant-appellant.

John W. Blue, Jr., pro se.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., John G. Truelson, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was convicted on a three-count indictment for the armed robbery of the El Paso Federal Savings and Loan Association, a federally insured bank. Appellant was sentenced to a five year sentence on the first count, and to ten year sentences on the second and third counts, all sentences to run concurrently. Appellant contends that the district court abused its discretion in charging the jury in connection with each of the three counts, as follows:

> I will state to you in passing, if you accept the testimony of these witnesses, then there is sufficient evidence for you to find each of these Defendants

---

\* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

guilty under this count but their credibility is a matter for you to pass on. If you do not accept that evidence as credible or believable, then that is for you to decide, because you pass on that. I merely give you these instructions. If you do not accept that testimony offered by the Government, then, of course, you would find the Defendants not guilty. If you believe the evidence of the Government or these witnesses here, there is sufficient evidence for you to find these Defendants guilty.

Appellants argue that these instructions removed from the jury the question of whether the evidence presented raised reasonable doubt as to the defendant's guilt.

 The instructions given by the district court must be considered in the overall context in which they are given. Gurleski v. United States, 5th Cir. 1969, 405 F.2d 253; United States v. Birnbaum, 2d Cir. 1967, 373 F.2d 250. In discussing the function of appellate courts in evaluating a trial judge's instructions to the jury, the Second Circuit stated:

> In evaluating the instructions to the jury, not only must each statement made by the judge be examined in light of the entire charge, but the charge itself can only be viewed as part of the total trial. Often isolated statements taken from the charge, seemingly prejudicial on their face, are not so when considered in the context of the entire record of the trial.

*Birnbaum, supra,* at 257; *see also* Gurleski v. United States, *supra,* 405 F.2d at 268. After a reading of the record and a scrutiny of the district court's charge to the jury, we are convinced that the instructions complained of by appellant were not prejudicial. The district judge was careful to instruct the jurors that they were to determine the disputed issues of fact from the evidence produced, that they were the exclusive judges of the facts and were to determine the credibility of the witnesses and the weight to be given to each witnesses' testimony,

that defendant was to be presumed innocent, and that the government was required to prove each element of the alleged offense beyond a reasonable doubt. The instructions complained of by appellant were merely a small part of a long, fair and carefully framed jury charge, and were not prejudicial to defendant.

Affirmed.